Porter K. Brown City Attorney City of Hutchinson P.O. Box 1567 Hutchinson, Kansas 67504-1567
Dear Mr. Brown:
As city attorney for the city of Hutchinson, you request our opinion concerning the interplay between the driving under the influence statute and the house arrest statute. Specifically you ask whether court placement in a house arrest program would satisfy the mandatory imprisonment requirement for second and subsequent driving under the influence (DUI) convictions. Your question is posed in light of the definition of "imprisonment" which was recently enacted in relation to DUI convictions:
 "`Imprisonment' shall include any restrained environment in which the court and law enforcement agency intend to retain custody and control of a defendant and such environment has been approved by the board of county commissioners or the governing body of a city." K.S.A. 8-1567, as amended by L. 1993, ch. 291, sec. 270.
House arrest programs implemented by a sentencing court or the secretary of corrections are authorized as alternatives to incarceration with the exception of certain defendants and inmates. Convicted DUI defendants are not specifically excepted from eligibility in a house arrest program. K.S.A. 21-4603b. House arrest is considered:
 "[a]n individualized program in which the freedom of an inmate is restricted within the community, home or non-institutional residential placement and specific sanctions are imposed and enforced. House arrest may include:
 (1) Electronic monitoring which requires a transmitter to be strapped to the defendant or inmate which broadcasts an encoded signal to the receiver located in the defendant's or inmate's home. The receiver is connected to a central office computer and is notified of any absence of the defendant or inmate; or
 (2) voice identification-encoder which consists of an encoder worn by the defendant or inmate. A computer is programmed to randomly call the defendant or inmate and such defendant or inmate is required to provide voice identification and then insert the encoder into the verifier box, confirming identity." K.S.A. 21-4603b(b).
You suggest that such a house arrest program falls within the definition of "imprisonment" for DUI purposes and therefore confinement of a convicted DUI defendant in a house arrest program would satisfy the mandatory imprisonment required for a second or subsequent DUI conviction. We cannot agree with this proposition. Regarding second and susequent DUI convictions, the Kansas legislature has determined that:
 "(e) On a second conviction of a violation of this section, a person shall . . . be sentenced to not less than 90 days nor more than one year's imprisonment. . . . Except as provided in subsectin (g), the person convicted must serve at least five consecutive days' imprisonment before the person is granted probation, suspension or reduction of sentence or parole or is otherwise released. . . .
 "(f) On the third or a subsequent conviction of a violation of this section, a person shall be . . . sentenced to not less than 90 days nor more than one year's imprisonment. . . . Except as provided in subsection (g), the person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served at least 90 days' imprisonment . . . .
 "(g) On a second or subsequent conviction of a violation of this section, the court may place the person convicted under a house arrest program, pursuant to K.S.A. 21-4603b, and amendments thereto, to serve the remainder of the minimum sentence only after such person has served 48 consecutive hours' imprisonment." K.S.A. 8-1567, as amended by L. 1993, ch. 291, sec. 270.
As we understand this statutory scheme, a sentencing court must impose a minimum sentence of at least 90 days on a person convicted of a second or subsequent DUI offense. Of that 90 days, five consecutive days' imprisonment are mandatory for a second offense and 90 days' imprisonment are mandatory for a third or subsequent offense, unless the court avails itself of the subsection (g) house arrest exception. In that event, the court may place the convicted person in a house arrest program, as an altenative to imprisonment, only "after such person has served 48 consecutive hours' imprisonment." Despite the broad statutory definition of "imprisonment" for DUI purposes, in our opinion that term cannot be read to include placement in a house arrest program for the 48 hours' required under subsection (g). To do so would strip any semblance of meaning from subsection (g), an absurd result not permitted by common law principles of statutory consruction. See Mendenhall v. Roberts,17 Kan. Ap. 2d 34, 42 (1992).
In conclusion, court placement in a house arrest program does not satisfy the requirement of "48 consecutive hours' imprisonment" as that phrase is used in subsection (g) of the Kansas driving under the influence statute.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas